IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ACE AMERICAN INSURANCE CO., )
and FEDERAL INSURANCE CO., )
)
                Plaintiffs, )
)
vs. ) Case No. 12-cv-0242-MJR-DGW
)
SANDBERG PHOENIX & VON )
GONTARD, G. KEITH PHOENIX, )
and W. WYLIE BLAIR, )
)
                Defendants. )

## ORDER ON THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

       On March 16, 2012, Ace American Insurance Company and Federal Insurance Company filed in this District Court a legal malpractice suit against a law firm (Sandberg Phoenix & Von Gontard) and two lawyers from the firm. Ace and Federal, both of whom had issued liability insurance policies to Safariland, LLC, assert that the named lawyers badly botched the defense of a state court products liability and negligence suit (Brough v. Safariland, et al.), resulting in Ace and Federal having to pay substantial sums to settle the Brough lawsuit. Now suing in federal court, Ace and Federal proceed on theories of legal and equitable subrogation, seeking to recover from the law firm and lawyers the full amount of the settlement the insurers paid on Safariland's behalf, as well as all legal expenses for which they footed the bill, and other damages.

       The complaint in this Court invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. The case was randomly assigned to the

undersigned District Judge, whose first task it is to verify that subject matter jurisdiction lies. **See Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010)("The first question in every case is whether the court has jurisdiction"); Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004)("All too often both litigants and judges disregard their first duty in every suit: to determine the existence of subject-matter jurisdiction.").**

28 U.S.C. 1332 requires complete diversity of citizenship among the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The amount-in-controversy requirement appears easily satisfied here, but the complaint falls short as to the allegations of citizenship.

The complaint properly sets forth the citizenship of both Plaintiffs plus the law firm Defendant, each of which is a corporation (and none of which is alleged to be a *limited liability* corporation). However, the complaint alleges that Defendants Phoenix and Blair both reside in Missouri and are "residents of Missouri" (Doc. 2, p. 2). Therein lies the problem.

There is a distinction between residing in and being a citizen of a particular state. Seventh Circuit law plainly holds that residence *does not* equate to citizenship, and the latter controls for jurisdictional purposes. Pleading residence is inadequate to invoke diversity jurisdiction, the Seventh Circuit has emphatically and "repeatedly reminded litigants and district judges" alike. ***Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008),** *citing Camico Mut. Ins. Co. v. Citizens Bank*, **474 F.3d 989, 992, and** *Meyerson v. Harrah's East Chicago Casino*, **299 F.3d 616, 617 (7th Cir. 2002).**

The complaint on file does not establish that the undersigned Judge enjoys subject matter jurisdiction. Accordingly, the Court **DIRECTS** Plaintiffs' counsel to file a First Amended Complaint by June 7, 2012, plainly alleging all requirements of diversity jurisdiction for every party. The Court denies as moot Defendants' motion (Doc. 12) to dismiss the original complaint. Defendants may refile their motion or other responsive pleading once the Amended Complaint has been filed by Plaintiffs.

IT IS SO ORDERED.

DATED May 11, 2012.

s/ **Michael J. Reagan**
Michael J. Reagan
United States District Judge